# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW COX, | ) | CASE NO. 4:16-cv-1236 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION AND |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

*Pro se* petitioner Andrew Cox is an inmate incarcerated in the Federal Correctional Institution in Elkton, Ohio, having been convicted in the District of New Jersey of six counts of distribution of child pornography. He has filed this fee-paid habeas action pursuant to 28 U.S.C. § 2241 (*see* Doc. No. 1; addendum Doc. No. 2), challenging all six counts of his conviction and seeking release from his federal detention. For the reasons stated below, his petition is denied and this action is dismissed.

The district court conducts an initial review of habeas petitions. *Alexander v. Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). Pursuant to 28 U.S.C. § 2243, "the district has a duty to screen out a habeas corpus petition which is meritless on its face." *Id.* "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where … the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

This petition must be dismissed pursuant to § 2243. Petitioner asserts the same grounds in his petition that he raised in a prior § 2241 habeas action he filed in this district. In *Cox v. United*

*States*, Case No. 4:16-cv-261 (N.D. Ohio), the petitioner challenged his conviction, as he does herein, on the basis of the "Suspension Clause" and because the District of New Jersey has yet to decide a motion he filed, on January 20, 2016, to vacate his sentence pursuant to 28 U.S.C. § 2255. Judge Boyko dismissed this prior petition with prejudice because § 2255 is the primary avenue for a federal prisoner to challenge the legality of his conviction, and the petitioner's claims did not fall within § 2255's safety valve, which allows for relief under § 2241 only where § 2255 is "inadequate or ineffective" to test the legality of a federal detention. This Court similarly dismissed another prior § 2241 habeas petition that petitioner filed in which he sought to challenge his conviction for other reasons, ruling that his challenge was not cognizable under § 2241. *See Cox v. United States*, Case No. 4:15-cv-1756 (N.D. Ohio).

Petitioner now attempts, for the third time, to challenge the legality of his federal detention via § 2241.[1] However, his claims under § 2241 have already been resolved on the merits against him and are barred by the doctrine of claim preclusion, which provides that "a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented." *See Smith v. Reno*, 3 F. App'x 403 (6th Cir. 2001) (affirming dismissal of a *pro se* petitioner's fourth challenge to a federal detainer under § 2241 on the ground of claim preclusion).

---

[1] Petitioner has also filed an expedited motion for summary judgment (Doc. No. 3), which is denied.

This § 2241 petition is, accordingly, denied under the doctrine of claim preclusion and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 1, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**